# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

FILED

April 30, 1997

Cecil W. Crowson
Appellate Court Clerk

ALVIN SEAGROVES, )
                                 )

    Plaintiff/Appellant, )

                                 )

                                 )   Davidson Chancery
VS.                         )   No. 94-787-III

                                 )

                                 )   Appeal No.
TENNESSEE DEPARTMENT OF   )   01A01-9508-CH-00334
CORRECTION, et al.,         )

                                 )

    Defendants/Appellees.   )

APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ROBERT S. BRANDT, CHANCELLOR

For the Plaintiff/Appellant:

Alvin Seagroves, Pro Se

For the Defendants/Appellees:

Charles W. Burson
Attorney General and Reporter

Patricia C. Kussmann
Nashville, Tennessee

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# O P I N I O N

This consolidated appeal involves a prisoner's dispute with the Department of Correction concerning the calculation of his statutorily authorized sentence credits.[1] The prisoner, acting pro se, filed two petitions for declaratory judgment in the Chancery Court for Davidson County in which he asserted that the Department had not provided him with the proper credits. The trial court dismissed the first petition on the grounds that the prisoner had not exhausted his administrative remedies and dismissed the second petition on the ground that it had become moot because the Department had awarded the prisoner his requested credits. The prisoner asserts on this appeal that the Department incorrectly calculated his prison sentence reduction credits. We have determined that the calculation discrepancy does not presently present a justiciable issue because the prisoner has not sought to resolve this dispute with the Department.

## I.

In August 1971 Alvin Seagroves was sentenced to serve three to five years in the state prison for receiving and concealing stolen property. He was paroled in July 1973, and less than one week later he was involved in a deadly gun battle. During the fray, Mr. Seagroves shot and killed three persons and seriously wounded his former girlfriend. As a result, a Grundy County jury convicted him of three counts of first degree murder and one count of assault with intent to commit first degree murder and sentenced him to three life sentences and a six to twenty-one year sentence, all to be served concurrently.[2] Mr. Seagroves is presently housed at the Southeastern Tennessee State Regional Correctional Facility at Pikeville.

---

[1]By order of March 8, 1996, this court consolidated the appeal in *Seagroves v. Tennessee Dep't of Correction*, App. No. 01A01-9603-CH-00100 with the appeal in *Seagroves v. Tennessee Dep't of Correction*, App. No. 01A01-9508-CH-00334.

[2]*Seagroves v. State,* Grundy Co. Nos. 730, 731, 732, 733, slip op. at 1 (Tenn. Crim. App. Sept. 15, 1976, *certiorari denied* (Tenn. Dec. 6, 1976).

In March 1994 Mr. Seagroves filed a petition in the Chancery Court for Davidson County seeking declaratory judgment pursuant to Tenn. Code Ann. § 4-5-224 (1991). He claimed that the Department of Correction had declined to grant him prisoner sentence reduction credits pursuant to Tenn. Code Ann. § 41-21-236 (1990) and requested a judicial declaration that he was entitled to these credits beginning on March 1, 1986. On February 24, 1995, the trial court dismissed Mr. Seagroves' petition on the ground that he had not first requested a declaratory order from the Department pursuant to Tenn. Code Ann. § 4-5-223 (1991). Mr. Seagroves filed a timely notice of appeal from the order dismissing his petition.

While his first appeal was pending, Mr. Seagroves filed a second petition in the Chancery Court for Davidson County on May 15, 1995, seeking the same relief. On this occasion, he produced evidence that he had unsuccessfully presented his claim to the Department in 1994. The Department moved to dismiss Mr. Seagroves' second petition on the ground that it had granted him the sentence credits he requested and supported its motion with an affidavit stating that Mr. Seagroves had received 300 days under the prisoner performance sentence credit laws and 1,756 days under the prisoner sentence reduction credit law. Mr. Seagroves responded to the Department's motion by insisting that he was entitled to 1,792 days of prisoner sentence reduction credit rather than the 1,756 days granted by the Department. On September 7, 1995, the trial court dismissed Mr. Seagroves' petition on the ground that he had "already been given the relief requested." The trial court did not address the 36-day discrepancy between the Department's and Mr. Seagroves' calculations.

## II.

The doctrine of separation of powers counsels that the courts should defer to demonstrated administrative expertise and should also decline to perform the duties that administrative agencies should perform. Accordingly, Tenn. Code Ann. § 4-5-224(b) conditions the right to seek a declaratory judgment concerning the application of a statute, rule, or agency order on first seeking a declaratory order from the appropriate agency. This requirement provides an administrative

agency with an opportunity to resolve the issue, and if the issue is not resolved, provides a factual record upon which the courts may act.

The initial dispute between Mr. Seagroves and the Department involved his right to claim sentence credits for a portion of his sentence. Mr. Seagroves properly sought judicial relief after the Department refused to provide him with any credits; however, the complexion of the dispute changed after Mr. Seagroves first requested judicial relief. After the Department decided to grant him sentence credits, the dispute was no longer whether Mr. Seagroves was entitled to sentence credits but rather whether the Department's calculation was correct. As far as this record shows, Mr. Seagroves has not yet taken up the latter issue with the Department.

The present record does not permit either this court or the trial court to resolve the 36-day dispute between Mr. Seagroves and the Department. Mr. Seagroves asserts that he is entitled to 16 days per month credit for 112 months. While Tenn. Code Ann. § 41-21-236(a)(2) provides that prisoners may earn from one to sixteen days of sentence credits each month, Tenn. Code Ann. § 41-21-236(a)(3) conditions these credits on good institutional behavior and satisfactory program performance.

The Department's evidence does not reveal how it determined that Mr. Seagroves should receive 1,756 days of prisoner sentence reduction credits rather than the 1,792 days demanded by Mr. Seagroves. There are any number of possible explanations for this discrepancy, including that the Department's calculation is incorrect or that Mr. Seagroves lost some credits for disciplinary or other bona fide reasons. The courts should not be burdened with resolving this sort of dispute until the parties have attempted to resolve it themselves. Accordingly, the trial court properly dismissed Mr. Seagroves' second petition for a declaratory judgment.

### III.

We affirm the dismissal of Mr. Seagroves' first petition for declaratory judgment as moot, and we affirm the dismissal of Mr. Seagroves' second petition for declaratory judgment because he never requested the Department to resolve the current 36-day dispute concerning the calculation of his prisoner sentence reduction credits. We also remand the case to the trial court for whatever further proceedings may be required, and we tax the costs of this appeal to Alvin Seagroves for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE


CONCUR:


_____
HENRY F. TODD, P.J., M.S.


_____
SAMUEL L. LEWIS, JUDGE